**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CORNELIUS ANYERE, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-2769 |
| | ) | |
| **WELLS FARGO CO.,** | ) | Judge Lefkow |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE**</u>

Defendant Wells Fargo ("Wells Fargo" or "Defendant") hereby submits the following

objections to Plaintiffs' proposed notice to collective action members (Dkt. 40-7).

**I.     ANY NOTICE SHOULD BE SENT BY A THIRD-PARTY ADMINISTRATOR.**

As detailed in Wells Fargo's Opposition to Plaintiffs' Motion for Judicially Supervised

Notice Under 29 U.S.C. § 216(b), Plaintiffs have not met the requirements necessary for

collective action certification under Section 216(b).  If, however, the Court should permit notice,

it should be mailed by a Court-appointed third-party administrator who will ensure that

confidential, private employee information is protected.  *See Robinson v. Empire Equity Group,*

*Inc.*, Civil No. WDQ-09-1603, 2009 WL 4018560, at *5 (D. Md. Nov. 18, 2009) (parties "plan

[for issuing notice] should include safeguards for the privacy of potential class members, such as

a requirement that notices be mailed by a neutral third-party administrator"); *Lewis v. Wells*

*Fargo & Co.*, No. C 08-02670 CW, 2009 WL 3517660, at *4 (N.D. Cal. Oct. 26, 2009) ("it

would be more appropriate to have a third-party claims administrator distribute the collective

action notice"); *In re American Family Mut. Ins. Co. Overtime Pay Litigation*, MDL Docket No.

1743, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009) ("use of a third-party administrator is

appropriate to protect the integrity of the process and to protect the confidential information of potential opt-in plaintiffs"); *Russell v. Wells Fargo & Co.*, No. CV 07-3993-CW, 2008 WL 4104212, at *5 (N.D. Cal. Sept. 3, 2008) ("it would be more appropriate to have a third-party claims administrator distribute the collective action notice"); *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, MDL No. 1:07-CV-1832, 2008 WL 2061265, at *1 (W.D. Ark. May 14, 2008) (notice issued via notice administrator).  If any individual chooses to opt in to the action, he or she can voluntarily disclose his or her name and address to Plaintiffs on the consent form attached to the notice.  *Id.*  If an individual chooses not to participate in the action, his or her private information is protected from unwarranted and unauthorized disclosure.

Employers have an obligation to protect the confidential nature of the personnel information entrusted to it by their employees.  *See, e.g.*, *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir.1994) (stating disclosure of non-party employees' personnel files "would invade the privacy of other employees"); *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) ("Defendant's privacy concerns in its employment records are well-founded").

Similarly, the Supreme Court has held that individuals have a privacy interest in not having names and addresses disclosed without their consent, including by their employers and even to individuals seeking to represent their interests.  *United States Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 501 (1994).  In reversing a decision ordering the disclosure of addresses of federal civil service employees to their collective-bargaining representative, the Supreme Court recognized the sensitive nature of employee addresses:

> Many people simply do not want to be disturbed at home by work-related matters.  Employees can lessen the chance of such unwanted contacts by not revealing their addresses to their exclusive representative.  Even if the direct union/employee communication facilitated by the disclosure of home addresses were limited to mailings, this does not lessen the interest that

> individuals have in preventing at least some unsolicited, unwanted
> mail reaching them at their homes. *We are reluctant to*
> *disparage the privacy of the home, which is accorded special*
> *consideration in our Constitution, laws, and traditions.*

*Id.* (emphasis added).  The Court should protect this right to privacy.

Plaintiffs do not have a compelling need to oversee the notice procedure and obtain the names and home addresses of all Wells Fargo collective action members where notice could be provided without its unauthorized disclosure.  If notice is ordered, it can be mailed by a third-party administrator.  Only in returning a consent form does an individual indicate willingness to participate in the action, to be represented by Plaintiffs' counsel, and, impliedly, to the disclosure of his or her private information.

## II. THE COURT SHOULD REQUIRE THAT THE RETURNED CONSENT FORMS BE FILED WITH THE COURT WITHIN 45 DAYS AFTER THE NOTICE IS MAILED.

Plaintiffs propose that the recipients of the notice who wish to consent to join the lawsuit file their consent forms with the Court within 120 days from the date of receipt of the notice.  As many courts have concluded, 120 days is excessive and would only serve to delay the litigation. *Martinez v. Cargill Meat Solutions*, No. 4:09CV3079, 2009 WL 5034479, at *10 (D. Neb. Dec. 11, 2009) (120 days would needlessly "delay the progress of this litigation"); *Hallissey v. America Online, Inc.*, No. 99-CIV-3785, 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (120 days is "excessive"); *Gerlach v. Wells Fargo & Co.*, No. CV 02-585-CW, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006) (120 days is "too long").  Plaintiffs' proposed timeframe far exceeds what is generally ordered in collective actions.

In many cases, courts have found that 45 days is sufficient time for a party who wishes to opt-in to a collective action to return his or her consent form. *See DeKeyser v. Thyssenkrupp Waupaca, Inc.*, No. 08 C 488, 2008 WL 5263750, at *6 (E.D. Wis. Dec. 18, 2008) (denying

plaintiffs' request for 120 days where "there was no indication why 45 days, an opt-in period ordered by other courts in FLSA actions would not be sufficient"); *Baden-Winterwood v. Life Time Fitness*, No. CV 06-099, 2006 WL 2225825, at *3 (S.D. Ohio, Aug. 2, 2006) (finding that "sixty (60) days is too long and would needlessly delay the litigation" and that "forty-five (45) days satisfies the Court's concern of balancing the need for speedy justice while at the same time allowing potential plaintiffs time to fully consider their options."); *Mielke v. Laidlaw Transit, Inc.*, No. CV 00-0669, 2003 WL 134996, at *4 (N.D. Ill. Jan. 17, 2003) (finding 45-day response time to be "sufficient" and precluding additional opt-ins after that deadline); *see also Carmody v. Florida Center for Recovery, Inc.*, No. CV 05-14295-CIV-MARRA/SELTZER, 2006 WL 3666964, at *4 (S.D. Fla. Nov. 8, 2006); *Champneys v. Ferguson Ent., Inc.*, No. IP 02-535-C H/K, 2003 WL 1562219, at *7 (S.D. Ind. Mar. 11, 2003); *Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392, 404 (D.N.J. 1988).

This Court has ordered a 45-day notice period in the past. *Garcia v. Salamanca Group, Ltd.* No. 07 C 4665, 2008 WL 818532, at *5 (N.D. Ill. March 24, 2008). Wells Fargo therefore requests that, should the Court order notice to be issued, that Plaintiffs shall have 45 days from mailing to file any consent forms from any new opt-ins.

## III. THE CLASS DEFINITION IN THE PROPOSED NOTICE SHOULD BE MODIFIED.

Plaintiffs propose that the relevant starting date for the class is May 5, 2006, three years prior to the date the complaint was filed. This is wrong. As Plaintiffs acknowledge in their brief (Pl's. Br. at 14), the FLSA has at maximum a three-year statute of limitations, which continues to run for each putative collective action member until he or she files a written consent form to join the suit. 29 U.S.C. § 256. Moreover, equitable tolling is granted sparingly (*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) and is not appropriate in this case because Plaintiffs

have not asserted any special circumstances in this case warranting equitable tolling.  (*See* Def's Opp. Br. at 19-20.)  If the Court determines to issue notice in this case, it should modify Plaintiffs' proposed notice to indicate that individuals are permitted to join the lawsuit if they worked as a credit manager for Defendant in Illinois and/or Indiana during the three years preceding the date of the notice.

## IV.   THE NOTICE IMPROPERLY SUGGESTS THE IMPRIMATUR OF THE COURT.

In approving a notice to putative collective action members, the Seventh Circuit instructed that courts must be careful not to create an "apparent judicial sponsorship of the notice" because "the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit."  *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982). Despite this admonition, Plaintiffs propose to include on page one – in bold and all-caps no less – the following objectionable language: "This Notice and Its Contents Has Been Authorized by the United States District Court for the Northern District of Illinois Eastern Division."  *See King v. ITT Continental Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986) (finding that "inclusion of a statement that the Court has approved the notice would create the very impression of judicial imprimatur that the *Woods* court cautioned against").  Moreover, the notice contains the full case caption.  Courts in this district have made clear that notices should not contain captions which "read[] like any other pleading...."  *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1047 (N.D. Ill. 2003); *King*, 1986 WL 2628, at *3 (same).  Accordingly, Wells Fargo requests that the Court order Plaintiffs to remove the language stating that the Court authorized the notice and remove the case caption.

## V.   ADDITIONAL LANGUAGE PROPOSED BY WELLS FARGO SHOULD BE ADDED TO THE NOTICE.

If the Court determines that notice should be sent, it should order that the following language be added to the notice:

- Language indicating that the Court expresses no opinion as to whether recipients of the notice should join the lawsuit and/or execute consent forms (*see Hoffman-La Roche*, 493 U.S. 165, 174 (1989) ("trial courts must avoid even the appearance of judicial endorsement of the merits of the action"));

- Language indicating that the Court has not taken any position on the merits of the suit and that inquiries should <u>not</u> be directed to the clerk or the Court (*see Howard v. Securitas Security Services, USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *10 (N.D. Ill. Jan. 20, 2009) (directing that "a statement regarding the court's lack of position on the merits of the suit and that inquiries should not be directed to the clerk or the court should appear on page one of the notice, immediately above the introduction")); and

- A statement explaining that potential plaintiffs may share in liability for payment of costs if Wells Fargo prevails in this action. (*see Labrie v. UPS Supply Chain Solutions, Inc.*, No. CV 08-3182-PJH, 2009 WL 723599, at *8 (N.D. Cal. Mar. 18, 2009) ("[t]his information should be included to provide potential plaintiffs a 'fair statement of their rights'")).

Dated:  March 9, 2010

                                        Respectfully submitted,
                                        WELLS FARGO

                                        By:   /s/ Joan B. Tucker Fife
                                                One of Its Attorneys

Joan B. Tucker Fife
WINSTON & STRAWN LLP
101 California Street
San Francisco, California  94111
(P) 415-591-1000
(F) 415-591-1400
jfife@winston.com

Emilie C. Woodhead
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA  90071
(P) 213-615-1700
(F) 213-615-1750
ewoodhead@winston.com

Amanda C. Wiley
WINSTON & STRAWN LLP
35 West Wacker Avenue
Chicago, IL 60601
(P) 312-558-5600
(F) 312-558-5700
awiley@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2010, I caused a copy of the foregoing to be served on counsel for Plaintiffs via the Court's electronic filing system to:

Aaron Maduff
Walker Lawrence
MADUFF & MADUFF LLC
205 North Michigan Avenue Suite 2050
Chicago, IL 60601-5927


/s/ Joan B. Tucker Fife

Joan B. Tucker Fife

CHI:2373216.5