**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CORNELIUS ANYERE, MIKE BROWN,** | ) | |
| **AKIA HORNE, RAYMOND JONES,** | ) | |
| **VIVIAN NWAKAH, CHIDINNA** | ) | **No. 09 C 2769** |
| **ONYEOKORO, JERMAINE POE, JEFFREY** | ) | |
| **RAMSEY, FELICIA WALLACE, JOSHUA** | ) | |
| **MEYER, and RICK ROMELI for themselves** | ) | **Judge Joan H. Lefkow** |
| **and on behalf of similarly situated others,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WELLS FARGO, CO., INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This putative class action has been filed by current and former employees of Wells Fargo

Company, Inc. ("Wells Fargo"), alleging that Wells Fargo has denied them overtime pay to

which they are entitled under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1]

Wells Fargo has moved to dismiss the collective action allegations pursuant to Federal Rule of

Civil Procedure 12(b)(6). For the following reasons, Wells Fargo's motion [# 24] is granted in

part and denied in part.

---

[1] The header of the complaint also indicates that suit is being brought under the Illinois Minimum Wage
Law ("IMWL"), 820 Ill. Comp. Stat. § 105/1 *et seq.*, but the complaint does not mention the IMWL
further and no relief is sought under it.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**BACKGROUND**

Plaintiffs are current or former employees of Wells Fargo who worked as credit managers. Am. Compl. ¶ 9. Credit managers work directly with customers to consolidate various forms of debt into mortgage debt. *Id.* ¶¶ 12-14. Plaintiffs allege that they were regularly required to work overtime for which they were not compensated. *Id.* ¶¶ 21-23, 28-29, 36. In spite of an official schedule of 9:00 a.m to 6:00 p.m, Monday through Friday, with an hour for lunch, *id.* ¶ 19, plaintiffs assert they were often required to work through lunch, *id.* ¶ 20, on Saturdays, *id.* ¶ 23, and "until 8:00 in the evening or later." *Id.* ¶ 22. Plaintiffs allege that Wells Fargo managers often "verbally disciplined employees for logging more than 40 hours per week," *id.* ¶ 29, and "typically went into . . . time sheets and made adjustments to reflect that employees had only worked 40 hours" even though employees had logged overtime hours. *Id.*

¶ 28.  Plaintiffs seek to certify a collective action against Wells Fargo pursuant to 29 U.S.C.

§ 216(b).  Plaintiffs' proposed opt-in class would consist of "all current and former similarly

situated Illinois employees of [Wells Fargo] during the three (3) years immediately preceding the

filing of this action . . . if they worked [in] excess of forty (40) hours in a week during the past

three (3) years and were not paid overtime as required by the FLSA."  *Id.* at 8-9.

## ANALYSIS

Wells Fargo has moved to dismiss plaintiffs' collective action allegations on the basis of

issue preclusion, asserting that the Northern District of California's decision in *Castle* v. *Wells*

*Fargo Financial, Inc.*, No. C 06-4347 SI, 2008 U.S. Dist. LEXIS 106703 (N.D. Cal. Feb. 20,

2008), precludes plaintiffs from litigating their collective action claims here.[2]  Issue preclusion,

also called collateral estoppel, is an affirmative defense, which provides that "once a court has

decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation

of the issue in a suit on a different cause of action involving a party to the first case."  *Allen* v.

*McCurry,* 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980) (citation omitted).  For

issue preclusion to apply, the following four conditions must be met:

> (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action.

---

[2] The court takes judicial notice of *Castle* and related court decisions discussed throughout.  *See Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Menominee Indian Tribe of Wis.* v. *Thompson,* 161 F.3d 449, 456 (7th Cir. 1998) ("A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment.  Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper." (citations omitted)).

*Adair* v. *Sherman*, 230 F.3d. 890, 893 (7th Cir. 2000). "[T]he defendant has the burden to set forth facts sufficient to satisfy each element of the defense." *Id.* at 894. It is within the court's discretion to allow an affirmative defense such as collateral estoppel or res judicata to be raised on a motion to dismiss. *See Muhammad* v. *Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) ("[W]hen an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion."); *Lambert* v. *Conrad*, 536 F.2d. 1183, 1186 (7th Cir. 1976) ("[R]es judicata may be raised by pre-answer motion or at least that it is within the district court's discretion to allow it to be so raised."); *Cueto* v. *Grogan*, No. 08-0808-DRH, 2009 U.S. Dist. LEXIS 78532, at *9 (S.D. Ill. Sept. 1, 2009) (granting motion to dismiss based on collateral estoppel).

In *Castle*, plaintiffs proposed a nationwide FLSA collective action against Wells Fargo based on allegations similar to those presented in this case. *Castle,* 2008 U.S. Dist. LEXIS 106703, at *3. The proposed collective class in *Castle* included approximately 14,000 individuals spread across 48 states. *Id.* Plaintiffs sought certification of a class of "[a]ll persons who are or have been employed by [Wells Fargo] as credit manager, senior credit manager, assistant manager, or loan processor within the United States." *Id.* at *5. The *Castle* court relied on twenty-four declarations from former Wells Fargo employees in eight states. *Id.* at *4. Based on these declarations, the court found that some plaintiffs "recorded overtime hours worked, and that their managers later altered their time records . . . , [while] [o]ther declarants state[d] that they were told not to record overtime hours." *Id.* The court in *Castle* denied plaintiffs' motion for conditional collective class certification because the individuals in the proposed class were not similarly situated. *Id.* at *14. Rather, "[a]t the most, [the *Castle*] plaintiffs' evidence

suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." *Id*.

Wells Fargo contends that the *Castle* court's determination that plaintiffs were not similarly situated with regard to a nationwide class precludes plaintiffs' assertion of a nationwide and an Illinois class because plaintiffs make similar fact allegations to those presented by the *Castle* plaintiffs. In particular, Wells Fargo asserts that plaintiffs' allegations that they were pressured not to record overtime and that their managers changed overtime hours entered in an electronic time card system necessarily indicate that individualized fact determinations predominate and that this issue was already conclusively decided by the *Castle* court.

Although Wells Fargo maintains that plaintiffs are attempting to bring a nationwide collective action, plaintiffs have conceded that this is not their intent. *See* Pls.' Resp. at 3 ("Plaintiffs[ ] will be seeking certification of a class under § 216(b) within Illinois for former and current credit managers of Wells Fargo.").[3] The Amended Complaint, however, does contain language that credit managers nationwide are similarly situated to the named plaintiffs. *See* Am. Compl. ¶¶ 5, 10, 34. To the extent that the complaint can be read to seek relief for a nationwide collective action, these allegations are stricken due to the preclusive effect of the court's decision in *Castle*, as plaintiffs appear to recognize.

Wells Fargo cannot, however, satisfy the four requirements of issue preclusion necessary for plaintiffs' statewide collective action claims to be dismissed. The parties in *Castle* did not litigate the issue raised by this case, whether an Illinois class could be certified to contest Wells

---

[3] Plaintiffs note that some of the named plaintiffs worked at Wells Fargo locations in Indiana in spite of the focus throughout their complaint on Illinois-based claims. Plaintiffs' Resp. at 3 n.3. If plaintiffs seek to move forward with a collective action that includes employees and former employees at Wells Fargo locations in Indiana, it will likely need to amend its proposed class definition.

Fargo's policies in this state.  The statewide collective action allegations were not conclusively

decided by the *Castle* court regardless of the fact that factual allegations in the two complaints

are similar.  *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 766

(7th Cir. 2003) (holding that a prior denial of nationwide class certification does not preclude the

certification of narrower classes bringing similar claims).  Thus, the *Castle* decision cannot be

used to preclude plaintiffs' statewide collective action allegations.  While the court in *Castle* did

conclude that allegations of pressure not to record overtime and allegations that management

changed timecards indicated plaintiffs across the nation were not similarly situated, it based this

conclusion on declarations submitted by plaintiffs who worked at Wells Fargo locations in eight

states.  *See Castle,* 2008 U.S. Dist. LEXIS 106703, at *4.  The Court cannot rely on the *Castle*

court's determination that plaintiffs there were not similarly situated because that court reached

its conclusion only with regard to the fact that individualized inquiries would predominate in a

*nationwide* class and did not consider the possibility that such individualized inquiries would not

be required for a *statewide* class.  Six other district courts across the country that have

considered the same issue have reached this conclusion.  *See Whitt* v. *Wells Fargo Fin., Inc*., No.

2:08-CV-1903-PMD, 2009 U.S. Dist. LEXIS 103809, at *11-12 (D.S.C. Feb. 11, 2009) ("[T]he

court finds that because Plaintiffs assert claims on behalf of putative class members located in

narrower geographic regions and that fall under a specific management hierarchy . . . the issue

presented to the court is not identical to the issue ruled on by the court in *Castle."*); *Kirkland* v.

*Wells Fargo Fin., Inc*., No. 1:08-CV-1640-TWT, 2008 U.S. Dist. LEXIS 103943, at *7 (N.D.

Ga. Dec. 22, 2008) ("Because determination of a Georgia-only class was not a critical and

necessary part of the judgment in *Castle*, issue preclusion does not apply to the Plaintiff's

collective action claims in this case."); *Clark* v. *Wells Fargo Fin., Inc.*, No. 1:08CV343, 2008 U.S. Dist. LEXIS 89397, at *23 (M.D.N.C. Oct. 30, 2008) ("The *Castle* court did not actually litigate, nor did it 'necessarily' decide, whether a statewide collective action was appropriate."); *Szittai* v. *Wells Fargo Fin., Inc.*, No. 5:08-CV-1379, 2008 U.S. Dist. LEXIS 88903, at *9 (N.D. Ohio Oct. 20, 2008) ("Although the *Castle* court found that the plaintiffs in that case had not demonstrated a nationwide policy or practice to deny overtime compensation, there could be such a policy or practice within a smaller management subdivision of Wells Fargo."); *Salgado* v. *Wells Fargo Fin., Inc.*, No. CIV. 08-0795 FCD KJM, 2008 U.S. Dist. LEXIS 78699, at *9 (E.D. Cal. Oct. 3, 2008) ("[B]y proposing this more narrow class, plaintiffs may be seeking to conform to the Castle court's observation that plaintiffs' evidence suggests differing policies or practices depending on the branch or district. . . . [T]he Castle court . . . did not necessarily decide the merits of the proposed class alleged in plaintiffs' complaint." (citations omitted) (internal quotation marks omitted)); *Dizon* v. *Wells Fargo Fin., Inc.*, No. 2:08cv2435-PSG-PJW, Order (Dkt. No. 35) at 3 (C.D. Cal. Sept. 26, 2008) ("[T]he *Castle* Court's finding that the *Castle* plaintiffs were not 'similarly situated' was made after analyzing a proposed *national* class rather than a proposed *California state* class of employees as alleged here.").

The cases relied on by Wells Fargo are distinguishable. Wells Fargo argues that *Myers* v. *Hertz Corp.*, No. 02-CV-4325, 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24, 2007), is analogous and supports preclusion of plaintiffs' claims. The *Myers* plaintiffs sought to certify a statewide class action under Federal Rule of Civil Procedure 23 after having been previously denied a nationwide FLSA class. *Id.* at *12-13. In denying class certification, the *Myers* court relied on an earlier decision in the same litigation that "because liability as to each putative

7

plaintiff depends upon whether that plaintiff was correctly classified as exempt pursuant to Corporate Policy 2-50, any collective action would require the Court to make fact-intensive inquiry into each potential plaintiff's employment status." *Id.* at *3.

*Myers* is distinguishable both factually and procedurally from the instant case. In *Castle*, the court noted that the *Castle* plaintiffs might be able to prove their allegations in smaller class actions focused on particular Wells Fargo branches or regions. *See Castle*, 2008 U.S. Dist. LEXIS 106703, at *14 ("At the most, plaintiffs' evidence suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis."). The decision relied upon in *Myers* had concluded that based on the allegations in that case "any collective action would require the Court to make fact-intensive inquiry into each potential plaintiff's employment status." *Myers*, 2007 U.S. Dist. LEXIS 53572, at *3. Procedurally, the *Myers* court ruled on a Rule 23 motion for class certification. *Id.* at *6-7. The standard and burdens in a Rule 23 motion are entirely different from those in a 12(b)(6) motion to dismiss. *Id.* at *7, 9. *Castle* did not decide the potential fact issues that may arise in this case with the finality of the decision relied on by the *Myers* court. At the same time, it would be premature for the court to evaluate plaintiffs' allegations with the more demanding analysis appropriately used by the *Myers* court in deciding whether to certify a class in determining this motion to dismiss.

Wells Fargo further relies on *Frosini* v. *Bridgestone Firestone North America Tire, LLC*, No. CV 05-0578 CAS (RZx), 2007 U.S. Dist. LEXIS 73767 (C.D. Cal. Aug. 24, 2007). In *Frosini*, the court granted the defendant's motion for summary judgment and denied class certification to a putative class of consumers of allegedly defective tires on the basis of issue preclusion. *Id.* at *48. After failing to certify a nationwide or a statewide class in state court, the

*Frosini* plaintiffs sought certification of a California-only class in federal court. *Id*. at *5-6, 20.

The *Frosini* court noted that

> the [prior decision relied upon by defendants] did not reject a putative nationwide class action simply because it involved disparate legal issues under the laws of the fifty states. [It] also rejected a California-only purchaser sub-class on the grounds that the proposed class raised a plethora of individual issues, asserted no common defect, and would be unmanageable.

*Id.* at *30 (internal quotation marks omitted). Wells Fargo argues that the plaintiffs here are confronted with the same situation as the *Frosini* plaintiffs. In *Frosini*, however, the prior court had explicitly rejected a California-only class along with a nationwide class. The *Castle* court never considered an analogous Illinois-only class and therefore could not have explicitly rejected one. *See Szittai*, 2008 U.S. Dist. LEXIS 88903, at *11 ("In [*Frosini*], however, the state court had explicitly rejected a statewide class, in addition to a nationwide class. Thus, the issue of the statewide class had previously been actually and necessarily litigated. In this case, the issue of an Ohio-wide class has not been similarly litigated."). Because the *Castle* court did not consider whether a statewide collective action could proceed against Wells Fargo, plaintiffs' statewide collective action allegations will not be dismissed.[4]

---

[4] Having found that Wells Fargo cannot meet the first two requirements for issue preclusion, the Court need not address the third and fourth requirements.

## CONCLUSION AND ORDER

For the foregoing reasons Wells Fargo's motion [# 24] is granted in part and denied in part. Plaintiffs' nationwide collective action allegations are stricken. Wells Fargo has fourteen days to answer the Amended Complaint.


Dated: March 29, 2010                    Entered: _____
                                                  JOAN HUMPHREY LEFKOW
                                                  United States District Court Judge