IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS ANYERE, MIKE BROWN, AKIA HORNE, RAYMOND JONES, VIVIAN NWAKAH, CHIDINNA ONYEOKORO, JERMAINE POE, JEFFREY RAMSEY, FELICIA WALLACE, JOSHUA MEYER, and RICK ROMELI for themselves and on behalf of similarly situated others, | ) ) ) ) ) ) ) ) | No. 09 C 2769<br><br>Judge Joan H. Lefkow |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | |
| WELLS FARGO, CO., INC. | ) ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiffs, eleven current or former Wells Fargo credit managers employed in Illinois and Indiana, filed a motion for approval of judicially supervised notice under 29 U.S.C. § 216(b) of a collective action against Wells Fargo for alleged failure to properly pay Wells Fargo credit managers in Illinois and Indiana overtime as required by the Fair Labor Standards Act ("FLSA"). For the reasons stated below, plaintiffs' motion [#40] is granted.

## LEGAL STANDARD

The FLSA expressly provides that an employee may bring a collective action on "behalf of himself . . . and other employees similarly situated" to recover unpaid overtime compensation. 29 U.S.C. § 216(b); *see also Riddle* v. *Nat'l Sec. Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597, at *5 (N.D. Ill. Sept. 13, 2007). A prospective member of the collective action may "opt-in" by filing a written consent form in the court where the action is brought; a person who does not opt-in is not part of the FLSA collective action and is not bound by the court's decision.

*Gambo* v. *Lucent Techs., Inc.*, No. 05 C 3701, 2005 WL 3542485, at *3 (N.D. Ill. Dec. 22, 2005).

Although a plaintiff in an FLSA collective action is not required to seek leave of the court prior to issuing notice of the lawsuit to prospective members, *Heitmann* v. *City of Chicago*, No. 04 C 3304, 2004 WL 1718420, at *2 (N.D. Ill. July 30, 2004), district courts in this district have regularly exercised discretionary authority over the notice process. *Gambo*, 2005 WL 3542485, at *3. The Seventh Circuit has determined that a district court may not prohibit a plaintiff from sending notice altogether. *Id.* (citing *Woods* v. *New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982)). Beyond that limitation, the Court of Appeals has not provided guidance on how a district court should exercise its discretion in the notice process under 29 U.S.C. § 216(b). *Id.*

A number of courts in this district have used a two-step method to determine whether a plaintiff is "similarly situated." *See, e.g.*, *id.*; *Persin* v. *CareerBuilder, LLC*, No. 05 C 2347, 2005 WL 3159684, at *2 (N.D. Ill. Nov. 23, 2005). At the first step, "[a] named plaintiff can show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores* v. *Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (citing *Taillon* v. *Kohler Rental Power, Inc.*, No. 02 C 8882, 2003 WL 2006593, at *1 (N.D. Ill. Apr. 29, 2003)) (internal quotation marks omitted). "Once such a 'modest factual showing' has been made, a court may, in its discretion, order that notice be provided to putative collective action plaintiffs. The second step consists of the court determining whether the class should be restricted based on the 'similarly situated' requirement after discovery is complete."

*Id.* (citing *Belbis* v. *County of Cook*, No. 01 C 6119, 2002 WL 31600048, at *4 (N.D. Ill. Nov. 18, 2002)) (internal quotation marks omitted).

## ANALYSIS

I. **Conditional Certification**

At this stage, the court need only consider whether the plaintiffs have made a "modest factual showing" sufficient for a collective action to be conditionally certified and a court-approved notice to be provided to potential collective action plaintiffs. Courts have interpreted the "similarly situated" requirement of this first step leniently. *See Jones* v. *Furniture Bargains, LLC*, No. 09 C 1070, 2009 WL 3260004, at *2 (N.D. Ill. Oct. 9, 2009) (citing *Mielke* v. *Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004)). "'[A] court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (citing *Thiessen* v. *Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). A "modest factual showing," however, cannot be founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents. *Molina* v. *First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("Unless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required modest factual showing. Plaintiffs need not provide conclusive support, but they must provide an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy.").

Plaintiffs argue that conditional certification is appropriate because all of the individuals to whom they seek to provide notice of the action have the same job duties and were subject to the same policy and practice of not paying credit managers for all of their hours worked. As support, plaintiffs submitted affidavits of five named plaintiffs with their motion. The affidavits contain substantially similar statements that, although required to work more than 40 hours a week, they were required to log only 40 hours a week and so were not compensated for additional time worked (1) pre-shift, (2) during lunch, (3) after 6:00 p.m. on weekdays, and (4) on Saturdays. *See, e.g.*, Anyere Decl. ¶¶ 8–15, attached as Pls.' Ex. 1. All five also state that all credit managers they worked with were "subject to the same terms and conditions regarding working hours and overtime." *Id.* ¶ 27.[1]

---

[1] Wells Fargo objects to the submitted affidavits on the basis that they lack personal knowledge and foundation, are conclusional, vague, and ambiguous, contain irrelevant information, and rely on hearsay. It asks the court to strike specific portions of these affidavits. *See* Wells Fargo's Opp. at 4 n.6. Courts are split on the issue of whether inadmissible evidence may be considered at this stage. *Compare Russell* v. *Ill. Bell. Tel. Co.*, 575 F. Supp. 2d 930, 937 (N.D. Ill. 2008) ( "Illinois Bell argues that the Court should disregard the declarants' statements about their supervisors' awareness that they were performing unpaid overtime on the ground that the statements cannot possibly be [based] on personal knowledge. Ultimate determination of the veracity of the affiants' statements is an issue for another day."), *and Molina*, 566 F. Supp. 2d 770, 788 n.20 (N.D. Ill. 2007) (" Even if this testimony is hearsay that could not be considered at trial, it may be considered in deciding whether to permit a collective action."), *with Acevedo* v. *Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 555 (N.D. Ill. 2008) ("Despite the liberal standard applied at step one of conditional certification, courts still require plaintiffs to make factual allegations supported by admissible evidence."). The court agrees with the former line of cases and declines to strike the plaintiffs' affidavits. *See Howard* v. *Securitas Sec. Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009) ("A strict application of the Federal Rules of Evidence does not comport with the court's understanding of relative evidentiary burdens imposed under the two-stage certification approach. On a § 216(b) motion, the case is at a preliminary stage, the motion is non-dispositive, and, typically, the plaintiff files without the benefit of discovery. These considerations suggest that plaintiffs need not come forward with evidence in a form admissible at trial. The most reasonable approach to the respective evidentiary burdens of the plaintiff during the two stages is one that requires a stricter standard of proof in the second stage, once the plaintiffs have had an opportunity for full discovery and to assess the shared factual bases of the class claims. Thus, the court concludes that the plaintiffs need not set forth evidence that would be admissible at trial in support of this preliminary § 216(b) motion but must do so to survive any motion to decertify the class that [defendant] files during the second stage." (citations omitted) (internal quotation marks omitted)).

Wells Fargo challenges whether plaintiffs have made a sufficient showing that there is a common policy or plan, arguing that the five declarations are directly contradicted by plaintiffs' own self-reported time records that show that plaintiffs regularly were paid overtime. It also argues that, even if the affidavits were true, plaintiffs have not identified a common policy or practice extending beyond their individual supervisors and that conditional certification is inappropriate as individualized inquiries predominate. Finally, Wells Fargo maintains that the class is too broad, as there is no basis for sending notice to Indiana credit managers or those in Illinois outside of plaintiffs' branches. Wells Fargo has submitted various affidavits of branch and district managers, in addition to time records for the five declarants, for the court's consideration.

Wells Fargo's contention that the only common policy that existed was its written policy requiring credit managers to be paid for overtime worked and prohibiting credit managers from working off the clock is unpersuasive. Plaintiffs are not arguing that Wells Fargo's overtime policy was unlawful on its face, but rather that Wells Fargo had an unwritten de facto policy of not paying overtime hours. "Courts in this district regularly allow Plaintiffs to pursue collective actions under the FLSA where they allege that an employer has an unwritten policy requiring its employees to perform uncompensated work 'off the clock.'" *Madden* v. *Corinthian Colleges, Inc.*, No. 08 C 6623, 2009 WL 4757269 (N.D. Ill. Dec. 8, 2009) (collecting cases). Arguments related to Wells Fargo's written policy and plaintiffs being automatically paid for all overtime worked go to the merits and are not appropriately considered at this stage. *See Russell*, 575 F. Supp. 2d at 935.

Although it may be the case that the policy being challenged was restricted to only certain supervisors within Illinois and Indiana, plaintiffs represent credit managers from several different branches, districts, and regions.[2] Further, the fact that many similar FLSA actions have been brought by credit managers against Wells Fargo across the country counsels in favor of sending opt-in notice to current and former credit managers in Illinois and Indiana, regardless of whether they worked under the same supervisors as those plaintiffs who have submitted declarations. *See Howard*, 2009 WL 140126, at *8 ("[T]he court concludes that the plaintiffs' averments demonstrate a factual nexus with other [of defendant's] employees, irrespective of location."). *But see Collazo* v. *Forefront Educ., Inc.*, No. 08-cv-5987, 2010 WL 335327 (N.D. Ill. Jan. 28, 2010) ("Without any evidence of similarly situated employees in Florida, Plaintiffs' Motion to gain conditional class certification as to potential plaintiffs at any of Defendants' Florida locations appears to be little more than a speculative fishing expedition."); *Molina*, 566 F. Supp. 2d at 789 (notice limited to Chicago territory as the named plaintiffs worked only in that territory). Wells Fargo will have the opportunity to argue that individualized determinations predominate at the second step of the certification process, after more extensive discovery has occurred. *See, e.g.*, *Jirak* v. *Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 850 (N.D. Ill. 2008) ("Defendant's argument about dissimilarities in the class is more appropriately decided at step two, after it is known who the class will consist of, and after some of the factual issues can be fleshed out in discovery. The mere potential that individual issues may predominate after further discovery does not preclude conditional certification of the class." (citations omitted)).

---

[2] Wells Fargo also argues that plaintiffs have not presented any evidence that this unwritten policy existed in Indiana. Although his affidavit does not clearly state in which district or states he worked, as one of Wells Fargo's declarants admits, Poe worked not only in Illinois but also in Indiana. *See* Pls.' Reply at 2–3 & n.3; Mangold Decl. ¶ 5, attached as Ex. 5 to Fife Decl.

Wells Fargo has submitted affidavits and records to demonstrate that the declarations submitted by five of the named plaintiffs are untruthful and defeat any showing that Wells Fargo had a policy of not paying for overtime. Indeed, the payroll records and time entries of the five declarants in many instances belie statements made in their affidavits that they were generally not allowed to record overtime worked, that they worked through lunch even though they were off the clock during this time, and that they did not record time worked on Saturdays, after hours, and before 9:00 a.m. *See* Ex. G to Swanson Decl., attached as Ex. 2 to Fife Decl. In other cases, however, the records show preciseness in clocking in exactly at 9:00 a.m., taking an hour for lunch on the hour, and clocking out at exactly 6:00 p.m. *See* Exs. J–L to Swanson Decl. Plaintiffs continue to maintain that, while they did receive payment for some overtime worked, the payroll records do not accurately reflect hours they worked but did not record. Thus, the information furnished by defendants does not conclusively establish that plaintiffs are not similarly situated or that other current or former employees were not subject to the policy alleged to exist regarding overtime. Nor is it proper at this stage for the court to make such a merits determination, judging the credibility of each parties' declarants. *See Shiner* v. *Swelect Comfort Corp.*, No. 09 C 2630, 2009 WL 4884166 (N.D. Ill. Dec. 9, 2009) ("[A]t this stage of the collective action process, the Court must accept as true [plaintiff]'s description of his own day-to-day duties, which two other store managers corroborated, even if those duties were somewhat belied by the job descriptions that Defendants presented."); *Russell*, 575 F. Supp. 2d at 935 n.3 ("[T]he Court's role at this stage is not to assess any party's credibility."). *But see Howard*, 2009 WL 140126, at *5 ("[T]he court is under no obligation, as it would be on a motion to dismiss, to accept all the plaintiffs' allegations as true. Rather, the court evaluates the record

before it, including [defendant]'s oppositional affidavits, to determine whether the plaintiffs are similarly situated to other putative class members.  Of course, in this first step of a § 216(b) certification, the determination is made using a lenient interpretation of the term similarly situated.  Thus, the court looks for no more than a minimal showing of similarity established by allegations and declarations that successfully engage those of the defendants to the contrary." (citations omitted) (internal quotation marks omitted)).  Wells Fargo's contentions regarding the number of hours worked by the five named plaintiffs, specifically Anyere, and whether supervisors knew that credit managers were working off the clock are more appropriately addressed at the second stage of certification.

Because the court has determined that plaintiffs have made the required minimal showing, it will grant plaintiffs' motion for judicially supervised notice.

## II.     Proposed Notice

Wells Fargo has objected to several aspects of plaintiffs' proposed notice.  Plaintiffs have agreed to modify the notice to comply with certain objections but maintain that others are warrantless.

The parties first disagree as to whether a third party administrator should be used to send notice and whether plaintiffs should be permitted discovery of the names and addresses of potential members of the collective action.  Courts in this district have regularly rejected Wells Fargo's privacy argument.  *See Acevedo* v. *Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554-55 (N.D. Ill. 2008) ("Due process requires an opportunity to discover this information at the present stage of litigation, and such due process rights are more compelling than the privacy rights of potential plaintiffs' addresses and phone numbers.").  Plaintiffs have agreed to the entry of a protective

order, similar to that in *Acevedo*, to allay any privacy concerns. Thus, the following restriction will be placed on the information disclosed by Wells Fargo: The information provided by Wells Fargo as to its employees' contact information is to be produced to plaintiffs' counsel only, and may only be used as needed for this litigation. With such a protective order in place, the use of a third-party administrator is not necessary, particularly as this would increase the cost of sending notice.

Wells Fargo also argues that the opt-in period should be 45, not 120, days. The court, however, will defer to plaintiffs' request of a 120 day opt-in period based on their representation that this length of time is necessary because the potential class is transitory and there is a high turnover rate, meaning that additional investigation may be required in order to contact potential opt-in plaintiffs.

As plaintiffs have amended the proposed notice to include a full case caption and have included a statement that the court expresses no opinion on whether potential plaintiffs should join the suit or on the merits of the suit, the court will allow the notice to go out as proposed. *See Olmsted* v. *Residential Plus Mortgage Corp.*, Nos. 08 C 142, 08 C 419, 2008 WL 5157973, at *4 (N.D. Ill. Dec. 9, 2008) ("Plaintiff's proposed notice includes the entire caption of the case in a way that makes it clear that the notice is a court document rather than correspondence from the Court. The proposed notice clearly communicates that the Court has expressed no opinion regarding the merits of the case or whether any individual should join as a plaintiff. The Court therefore finds that the proposed notice does not imply court sponsorship and is proper." (citations omitted)); *Jirak*, 566 F. Supp. 2d at 851 (giving plaintiff the option of including the entire case caption or removing the line at the top of the first page of the proposed notice stating

"United States District Court for the Northern District of Illinois"). *But see Flores*, 289 F. Supp. 2d at 1047 ("The caption of the proposed Notice submitted by Plaintiffs reads like any other pleading, with the name of the court, the title of the action, the file number, and the assigned judge. As such, 'the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit.' (citing *Woods*, 686 F.2d at 581)).

Finally, Wells Fargo contends that the notice should include language that opt-in plaintiffs may share in liability for payments of costs if Wells Fargo prevails. Plaintiffs do not agree to inclusion of this language in the notice but agree to inform any potential plaintiff who contacts plaintiffs' counsel's office regarding the opt-in process. This representation should adequately address Wells Fargo's concern. Thus, the court will approve the modified notice submitted by plaintiffs with their reply (Dkt. No. 53).

## **CONCLUSION AND ORDER**

For the foregoing reasons, plaintiffs' motion for judicially supervised notice [#40] is granted. The court hereby orders that (1) plaintiffs' proposed opt-in notice may be issued to similarly situated persons, (2) in the form of the proposed notice as modified by plaintiffs in their reply brief, and (3) Wells Fargo shall produce to plaintiffs' counsel a complete list of the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all credit managers employed by Wells Fargo in Illinois and Indiana within the last three years prior to

approval of notice. The information provided by Wells Fargo as to its employees' contact information is to be produced to plaintiffs' counsel only, and may only be used as needed for this litigation.

Dated: April 12, 2010          Enter: _____

                                      JOAN HUMPHREY LEFKOW
                                      United States District Judge